THE STATE, EX REL. CITY OF MANSFIELD, v. HALE
ET AL.

*Municipal corporations—Tax levy for general purposes—Section 5649-5e, General Code—Mandatory and directory provisions—Passage of resolution by council mandatory—Certification to budget commission directory—Resolution not passed and certified within statutory time—Mandamus.*

1. Where resolution authorizing extra tax levy was not passed by city council and certified to budget commission until about four months after time fixed by Section 5649-5e, General Code, for certification, peremptory writ of mandamus will not issue to compel commission to make levy; no legal certificate being possible.
2. Right of city to have tax levied for general purposes of city by budget commission is purely statutory.
3. Though certification of resolution by city to budget commission authorizing tax levy is only directory, being ministerial act, passage of resolution by council is mandatory, and, to be legal, must be enacted within time limited by Section 5649-5e, General Code.
4. Mandatory statutes are imperative, and strict compliance therewith is condition precedent to validity of acts done under statute.

(Decided January 12, 1927.)

IN MANDAMUS.

*Mr. R. W. Stephenson,* city solicitor, and *Mr. C. E. McBride,* for plaintiff.

*Mr. Geo. H. Blecker,* prosecuting attorney, and *Mr. Van C. Cook,* for defendants.

HOUCK, J.  This is an original suit in mandamus in this court.

The relief sought in the petition is to compel, by a peremptory writ of mandamus, the budget

commission of Richland county, Ohio, to levy a tax for use for the general purposes of the city of Mansfield.

A proper decision of this lawsuit involves a correct interpretation and application of the provisions of Section 5649-5e of the General Code of Ohio to the facts in this case. That section reads:

"The taxing authorities of any municipality may by resolution adopted by a two-thirds vote, levy annually for the general purposes of the municipality in addition to the levy for current expenses within the ten mill limitation prescribed by the General Code on the tax rate, a tax not exceeding three and a half mills, upon each dollar of the taxable property of such municipality. Such levy shall be subject only to the limitation imposed by the combined maximum tax rate for all taxes by Section 5649-5b, and shall include any levies heretofore authorized by vote of the electors of the municipality under Sections 5649-5, 5649-5a and 5649-5b, and a sufficient levy under and within the provisions of Section 7908 of the General Code, to produce the amount requested from the budget commission for any municipal university. The budget commission shall not reduce the total levies for current expenses within the combined maximum rate in any city in which a university levy under Section 7908 is operative below four and one-half mills and in any city in which such university levy is not operative below four mills, unless a lesser rate will produce an amount sufficient to meet the items of current expense in the city budget. Provided that the tax levies for interest and sinking fund requirements of bonds and notes within the

combined maximum tax rate imposed by Section 5649-5b shall in no manner be impaired by the levies authorized under this section. The additional levy authorized as hereinbefore set forth shall be certified to the budget commission prior to the first Monday in August.''

The resolution for the extra levy was passed by the city council of Mansfield on the 3d day of December, 1926, and was filed with the budget commission on the 4th day of December, 1926.

Question: Under these facts and the provisions of Section 5649-5e, General Code, is the plaintiff entitled to the relief prayed for in its petition?

It will be observed that under the undisputed facts the resolution authorizing the levy was not passed by the city council and certified to the budget commission for about four months after the time fixed by statute for doing so.

Plaintiff's rights herein are purely statutory.

In the suit now for decision, the question is: Where the city council fails both to enact the resolution and to certify it, within the time provided by statute, does the law authorize a peremptory writ in mandamus to issue compelling the budget commission to make a levy? Certainly not. For there is no legal resolution. While the certifying of a resolution is only directory, being a ministerial act, yet we find and hold that the passing of a resolution by a city council to require a tax levy is of a mandatory nature, and such resolution, to be of legal effect, must be enacted within the time limited by statute. Mandatory statutes are imperative. They must be strictly followed. Otherwise a proceeding which is taken ostensibly by

virtue thereof will be void.  Compliance therewith, substantially, is a condition precedent; that is, the validity of acts done under a mandatory statute depends on a compliance with its requirements.

We do not feel that it is necessary to extend these comments further, except to say that the conclusion here reached is the unanimous judgment of the court.  We find that a peremptory writ should not issue.

*Judgment for defendants and petition dismissed.*

SHIELDS and LEMERT, JJ., concur.